| | |
|---|---|
| Richard Lavigne-Soucie, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Blue Max Transport, Inc. and Blue Max Trucking, Inc.,<br><br>Defendants. | Case No. 3:23-cv-00498<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS** |

Defendants Blue Max Transport, Inc. ("BM Transport) and Blue Max Trucking, Inc. ("BM Trucking") ("collectively Blue Max"), by and through their undersigned counsel, respectfully submit this Reply to Plaintiff's Response to Defendants' Motion to Dismiss ("Response") [Doc. 12].

In an effort to dodge dismissal, Plaintiff has attempted to use his Response as a mechanism to amend his pleading, admitting after he left BM Transport he almost immediately went to work for BM Trucking, but now contending he still suffered an injury-in-fact, as well as an employment loss under the Worker Adjustment and Retraining Notification Act ("WARN Act"), because his subsequent job at BM Trucking was not "substantially equivalent" to the position he held at BM Transport. According to Plaintiff these differing employment terms were tantamount to constructive discharge. Notwithstanding that Plaintiff is precluded from amending his complaint via an opposition brief,[1] this action is subject to dismissal because even under Plaintiff's new theory there is no redressable injury-in-fact for Article III standing, given Plaintiff's "single

---

[1] *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing . . .").

employer" theory of employment. Plaintiff also lacks statutory authority to proceed with his claims because he never suffered an employment loss under the WARN Act by way of constructive discharge.

## I.   THIS ACTION SHOULD BE DISMISSED FOR LACK OF STANDING

### A.   Plaintiff Remained Employed with His "Single Employer" and Cannot Show Any Injury-in-Fact.

In his Response, Plaintiff claims he suffered an injury-in-fact when he "lost his job with BM Transport" and "suffered financial loss as a result" because the job he took with BM Trucking was not comparable. [Doc. 12, p. 5]. However, Plaintiff's argument completely overlooks the entire premise upon which his claims in the Complaint are based: BM Transport and BM Trucking are a "single employer."[2] *See* Plaintiff's Complaint, Doc. 1 (consistently and repeatedly referring to Defendants as a "single employer"); *Pennington v. Fluor Corp.*, 19 F.4th 589, 596 (4th Cir. 2021) (explaining single employer status occurs when two or more businesses "may count as the *same employer* for purposes of the WARN Act") (emphasis added).

In light of this purported status, Plaintiff never suffered an employment loss. After his job at BM Transport was eliminated, Plaintiff started working at BM Trucking; thus, he remained employed with his "same employer," precluding any injury-in-fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1543, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) ("[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it. Article III standing requires a *concrete injury* even in the context of a statutory violation.) (emphasis added).

---

[2] As noted in the Motion, Blue Max does not waive any rights or defenses with respect to the claims asserted by Plaintiff in this matter, including those regarding alleged "single employer" status. [Doc. 9-1, p. 1, n. 1].

Further, even if Plaintiff had suffered an injury-in-fact, which he clearly did not, his alleged injury is not redressable under the law. The WARN Act, upon which Plaintiff has premised his claims, "provides for one type of damages, back pay and benefits." *Creech v. Virginia Fuel Corp.*, 61 F. Supp. 3d 592, 597 (W.D. Va. 2014). With his continued employment with BM Trucking through April 14, 2023, Plaintiff does not have any "back wages and benefits" for the violation period alleged in the Complaint.[3] Additionally, under the WARN Act's damages scheme, back wages are subject to reduction for "any wages paid *by the employer* to the employee for the period of the violation." 29 U.S.C. § 2104(a)(2) (emphasis added). Because Plaintiff was paid by his "single employer" Blue Max until his voluntary resignation in April 2023, he is not entitled to recover wages he already received, making his "injury" one that the Court cannot redress.

**B.      Plaintiff's New Constructive Discharge Theory Does Not Confer Statutory Standing.**

In opposition to Blue Max's request for dismissal based on lack of statutory standing, Plaintiff argues for the first time that he experienced an employment loss because he was "constructively discharged" when the job he was given at BM Trucking was not "substantially similar" to his previous position at BM Transport.[4] [Doc. 12-1, ¶ 14]. Although these facts appear nowhere in Plaintiff's Complaint, he contends the inferior conditions included a $2.75 decrease in pay, change of benefits, longer driving distance for hauls, and loss of seniority, PTO, and benefits.

---

[3] As alleged by Plaintiff, his purported "termination" occurred on December 30, 2022, making the cutoff for any applicable damages 60 days later—when he was still employed by BM Trucking. 29 U.S.C.A. § 2104 (liability for violation of the WARN Act is calculated "up to a maximum of 60 days"). Plaintiff's assertion in the Complaint that the "Defendants" failed to pay him for 60 days following his alleged "termination" from BM Transport is belied by the facts and Plaintiff's own sworn declaration. [Doc. 1, ¶¶ 17, 31; Doc. 12-1, ¶ 9].

[4] Contrary to Plaintiff's contention, Blue Max noted more than once that its request for dismissal based on statutory standing is subject to Rule 12(b)(6) review. [Doc. 9-1, pp. 3-4, p. 7. n. 6]. Significantly, Plaintiff did not dispute that the documents attached to Blue Max's motion are integral to the Complaint and authentic. As such, the Court can consider these materials without converting Blue Max's motion into one for summary judgment.

[Id., ¶¶ 9-12].[5] Citing an out-of-circuit case, Plaintiff contends these alleged "worse" employment

terms were actually a constructive discharge.

However, *Bowers v. New Century Transportation, Inc.*, decided in this Circuit by the

District Court for the Northern District of West Virginia, is most instructive here, and does not

support Plaintiff's claim of employment loss via constructive discharge. No. 3:08-CV-154, 2009

WL 10675370 (N.D.W. Va. May 18, 2009). In *Bowers*, the plaintiffs were employees of East Park

Acquisition until it ceased operations (without any WARN Act notice), and they began working

for the parent company, New Century Transportation, Inc., 30 days later. *Id*. at *2.  The plaintiffs'

alleged WARN Act violations, arguing they suffered an employment loss under WARN and they

were constructively discharged by New Century because they had to travel longer commuting

distances, undergo a drug screen, and file employment applications. *Id*. at *3-4.

The Court disagreed, holding there was no employment loss, as defined by the WARN Act,

because the plaintiffs transferred to New Century within 30 days of the closing of the East Park

facility, with no more than a six month break in employment. *Id*. at *3. As the Court succinctly

explained:

> The conclusion that the transferred employees did not suffer an "employment loss"
> is consonant with the purpose of the WARN Act, that is, to ensure adequate
> opportunities (by way of notice of imminent employment loss) for retraining and/or
> reemployment . . . Employees in the situation at hand who were in fact rehired do
> not fall within the purpose of the WARN Act because there is no need for retraining
> or alternate jobs . . . Mindful of this purpose, numerous courts have held that
> **individuals whose employment was "essentially continuous"' because they**

---

[5] Plaintiff's claims regarding the "worse" terms and conditions with BM Trucking, as compared to
his job at BM Transport are inaccurate. He did not lose seniority, PTO, or other benefits, but
instead, was given service credit for all time spent at BM Transport, negating any inference of
unreasonable terms and conditions of employment. *See* **Exhibit 1 – Declaration of Chis Bauer**.
Additionally, Plaintiff's change in duties, even if he perceived them to be a demotion, were not so
intolerable to constitute constructive discharge. "The law does not support a finding of constructive
discharge merely because an employee has been subject to a demotion." *Rankin v. Greater Media,
Inc.,* 28 F.Supp.2d 331, 342 (D.Md. 1997).

**were transferred from one employer to another were not terminated for purposes of the WARN Act**.

*Id*. at * 4 (emphasis added). The Court went on to reject the plaintiffs' constructive discharge theory, noting their claims of unfavorable working conditions had been contradicted by the defendants, but that even if the Court agreed the new requirements were burdensome, the plaintiffs had "failed to advance sufficient facts to show that the defendants deliberately made their working conditions intolerable, and thereby forced them to quit." *Id*. at *4 (citing *Freeman v. North State Bank*, 282 Fed. App'x 211, 218 (4th Cir. 2008)).

Here, Plaintiff maintained employment with his "single employer" Blue Max, by way of his movement from BM Transport to a new role at BM Trucking, directly refuting any claim of employment loss, under WARN. *Long v. Dunlop Sports Grp. Americas, Inc.*, 506 F.3d 299, 303 (4th Cir. 2007) (explaining "for purposes of the WARN Act, 'termination' does not occur simply because an employee no longer performs the work that the employee formerly performed").

Likewise, as a matter of law, Plaintiff was not subject to "intolerable" terms and conditions of employment with BM Trucking, such that he was constructively discharged. Just like *Bowers*, Plaintiff's pre-employment drug screen and application process were legally required by Department of Transportation regulations, which set forth specific criteria for Driver Qualification files. *See Bowers*, at *2; Ex. 1, ¶ 5. The "slight decrease in pay" Plaintiff experienced "is also insufficient evidence of constructive discharge." *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994). Although Plaintiff may have been unhappy with his new position, "[n]ot every negative turn in employment circumstances constitutes an 'employment loss' for purposes of the WARN Act." *Graphic Commc'ns Int'l Union, Loc. 31-N v. Quebecor Printing (USA) Corp.*, 252 F.3d 296, 299 (4th Cir. 2001).

## V. CONCLUSION

For the foregoing reasons, as well as those set out in its Motion, Blue Max respectfully requests this Court dismiss this action for lack of standing.

Respectfully submitted,

s/ Nikole Setzler Mergo
Nikole Setzler Mergo (Federal ID No. 7410)
(N.C. Bar No. 27292)
Christina L. Rogers* (Federal ID No. 11994)
 *Application for *pro hac vice* forthcoming
MAYNARD NEXSEN PC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, South Carolina 29202
803.771.8900
nmergo@maynardnexsen.com
crogers@maynardnexsen.com

*ATTORNEYS FOR DEFENDANTS*

This 17th day of October 2023.

6

## CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION

Pursuant to the Initial Scheduling Order issued by the Honorable Frank D. Whitney in the instant case, the undersigned hereby certifies that this Memorandum complies with the word limitation contained in the Initial Scheduling Order.

Respectfully submitted,

s/ Nikole Setzler Mergo

Nikole Setzler Mergo (Federal ID No. 7410)
(N.C. Bar No. 27292)
Christina L. Rogers* (Federal ID No. 11994)
 *Application for *pro hac vice* forthcoming
MAYNARD NEXSEN PC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, South Carolina 29202
803.771.8900
nmergo@maynardnexsen.com
crogers@maynardnexsen.com

*ATTORNEY FOR DEFENDANTS*

This 17th day of October 2023.

7