**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

RICHARD LAVIGNE-SOUCIE, on behalf of himself and all others similarly situated,

Plaintiff,

v.

BLUE MAX TRANSPORT, INC. and BLUE MAX TRUCKING, INC.

Defendants.

Case No.: 3:23-cv-00498

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATION**

Plaintiff Richard Lavigne-Soucie respectfully submits this reply brief in support of his motion [Doc. 14] to strike the affidavit that Defendants filed along with their reply brief in support of their motion to dismiss.

Here is how we got to this point.

Plaintiff filed his Complaint and Defendants moved to dismiss it.

The motion to dismiss was premised on Rule 12(b)(1), arguing a lack of jurisdiction. Defendants alleged a lack of Article III standing (claiming that Plaintiff had suffered no "injury in fact"), and also alleged a lack of "statutory standing" (claiming that Plaintiff had not suffered an "employment loss" within the meaning of the WARN Act). The motion was expressly premised on matters outside the pleadings: evidence about the fact that, after having suffered from the plant closing or mass layoff at Blue Max Transport, Plaintiff later applied to and was hired at Blue Max Trucking. That was a matter outside the pleadings. (Plaintiff considers the fact that he later obtained a worse job at Trucking irrelevant to his

WARN Act case, as explained below, and did not affirmatively plead about it in the Complaint).

Plaintiff responded, showing essentially as follows:

* As to Article III standing, he did suffer an injury-in-fact. He lost his job at Transport, and suffered economic harm as a result. He was out of work entirely for 13 days, and when he got a job at Trucking later, it was a job with lower pay, fewer hours, and worse working conditions. He suffered economic harm, and that constitutes "injury in fact" for Article III purposes.
* "Statutory standing" is not a jurisdictional argument at all. Accordingly, it is not a 12(b)(1) argument – it is, if anything, a 12(b)(6) argument – and affidavits may not be considered. Plaintiff also showed in an abundance of caution that he did suffer an employment loss.

Defendants filed a reply brief, in which they ignored most of what Plaintiff said in his brief. In particular, they essentially ignored the point that Plaintiff did suffer economic harm conferring Article III standing. They fixated on their argument that Plaintiff did not have an "employment loss," because he did not (they say) have a layoff exceeding six months, because he was later hired at Trucking. And they filed another affidavit attempting to show more alleged facts about the job at Trucking, to make it seem like the job at Trucking was good enough. That affidavit was entirely about things outside the Complaint. The only thing this affidavit would be relevant to, in the case, is the "statutory standing" argument, the argument that Plaintiff did not suffer an "employment loss" within the meaning of the WARN Act. The affidavit does not even purport to show that Plaintiff

suffered no economic loss (injury-in-fact for Article III purposes). It goes, instead, to Defendants' non-jurisdictional "statutory standing" argument that there was no employment loss.

Plaintiff moved to strike the new affidavit, for two reasons: (1) the statutory standing argument is not a real 12(b)(1) argument, but is if anything a 12(b)(6) argument, as to which an affidavit alleging facts outside the complaint cannot be considered; and (2) also, it is unfair and inappropriate to file an affidavit like this with a reply brief.

Defendants have opposed the motion to strike.

1. First, they say, the Court cannot strike the affidavit because it is not a pleading, and only pleadings can be stricken under Rule 12(f). But a Court can – and courts every day do – "exclude" affidavits that are presented in support of Rule 12(b)(6) arguments. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Often, the word "strike" is used to refer to this exclusion. *See, e.g., McLaughlin v. Copeland*, 435 F. Supp. 513, 519 (D. Md. 1977) ("Federal Rule of Civil Procedure 12(f) relates to matters to be stricken from pleadings. Although affidavits technically do not constitute pleadings, courts have permitted affidavits to be challenged by motions to strike because the Federal Rules provide no other means to contest their sufficiency.").[1] The Court should exclude or strike

[1] *See also City of Roxboro v. Gulf Ins. Co.*, 1995 U.S. Dist. LEXIS 19636, *3-4 (M.D.N.C. 1995) ("Before any further discussion, a matter of a filed affidavit must

the affidavit, because it is not even arguably material to any truly jurisdictional 12(b)(1) argument, and because it cannot be considered on a 12(b)(6) argument. It is about facts outside the Complaint.

2. Second, they say that it is fine to file a new affidavit with a reply brief. Sometimes it can be. But by the same token, "Reply affidavits should not present new issues to which the opposing party will not have an opportunity to respond." *Aldridge v. Marion Cty. Coal Co.*, No. 1:17CV79, 2017 U.S. Dist. LEXIS 127733, at *16 (N.D.W. Va. Aug. 10, 2017). Here, there is no reason why Defendants could not have included the information in the new affidavit along with their original motion.

3. Third, they point out that Plaintiff also filed an affidavit with his opposition to the motion to dismiss, and that Plaintiff did not move to strike the affidavits accompanying the original motion to dismiss.

Though it should be clear at this point, we will say it again. It is acceptable to file affidavits in support of, or in opposition to, a true Rule 12(b)(1) jurisdictional argument (such as, here, Defendants' Article III "injury in fact" argument). The original affidavits were at least arguably relevant to Defendants' Article III, Rule 12(b)(1), argument. So they

---

be considered since plaintiff filed an affidavit in support of their argument. Defendant has moved to strike this affidavit. If considered, Rule 12 of the Federal Rules of Civil Procedure states that the affidavit would necessitate that this Motion to Dismiss be converted into a Motion for Summary Judgment. The affidavit is not needed for the purposes of deciding the motion currently before this Court and therefore the affidavit will be stricken and not considered. Accordingly, the motion before this Court remains one for dismissal under Rule 12(b)6 and will be treated accordingly.").

did not need to be stricken. Instead, they needed to be, and were, refuted by Plaintiff's own affidavit, as to the Article III argument. (As Plaintiff showed in his original brief opposing the motion to dismiss, the affidavits should not be considered as to the "statutory standing" argument.)

But what is not acceptable is to file this new affidavit, covering matters entirely outside the allegations of the Complaint, in support of what is only, now, a Rule 12(b)(6) argument about so-called "statutory standing." So, the new affidavit should be stricken or, in the words of Rule 12, "excluded." This case is not before the Court on summary judgment. The time will come for that, after discovery.

Based on the foregoing and Plaintiff's prior submission, Plaintiff respectfully requests that the Second Bauer Declaration be stricken or excluded.

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION**

Pursuant to the Initial Scheduling Order issued by the Honorable Frank D. Whitney in the instant case, the undersigned hereby certifies that this Memorandum complies with the word limitations contained in the Initial Scheduling Order.

Dated: November 13, 2023

*s/ Mary E. Olsen*___________________

Mary E. Olsen (OLSEM4818)
Attorney for Plaintiff
THE GARDNER FIRM, P.C.
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
Telephone: (251) 433-8100
Fax: (251) 433-8181
E-mail: molsen@thegardnerfirm.com
vmccrary@thegardnerfirm.com

*s/ __ Jonathan Wall ________________*
Jonathan Wall (NCSB No. 22839)
John Bloss (NCSB No. 23947)
Attorneys for Plaintiff
HIGGINS BENJAMIN, PLLC
301 N. Elm Street, Suite 800
Greensboro, NC 27401
Phone: (336) 273-1600
Fax: (336) 274-4650
Email: jwall@greensborolaw.com
jbloss@greensborolaw.com

Stuart J. Miller (SJM 4276)
Johnathan Miller
Attorneys for Plaintiff
LANKENAU & MILLER, LLP
100 Church Street, 8th FL
New York, NY 10007
Telephone: (212) 581-5005
Fax: (212) 581-2122
E-mail: stuart@lankmill.com
jon@lankmill.com

Cooperating Counsel for
THE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE, a non-profit law firm