UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00498-FDW-SCR

| | |
|---|---|
| RICHARD LAVIGNE-SOUCIE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BLUE MAX TRUCKING, INC., AND ) | |
| BLUE MAX TRANSPORT, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 9), pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff's Motion to Strike, (Doc. No. 14). These matters have been fully briefed, (Doc. Nos. 12, 13, 17, 18), and are ripe for ruling. For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**, and Plaintiff's Motion to Strike is **DENIED**.

## I. BACKGROUND

Richard Lavigne-Soucie ("Plaintiff"), on behalf of himself and a class of those similarly situated ("Other Similarly Situated Employees"), filed this action against Blue Max Transport, Inc. ("BM Transport") and Blue Max Trucking, Inc. ("BM Trucking") (collectively, "Defendants") on August 8, 2023, asserting a single cause of action arising from a violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101-09. (Doc. No. 1).

In short, Plaintiff contends his former employer BM Transport failed to provide sufficient notice under the statute as part of the company's downsizing that resulted in his layoff and termination of employment. Due to Defendants' alleged violation, Plaintiff seeks "to recover from

1

the Defendants their wages and ERISA benefits for 60 days." (Doc. No. 1, p. 2). Plaintiff asserts he has standing to sue pursuant to 29 U.S.C § 2104(a). See id.

On September 26, 2023, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure asserting Plaintiff lacks both Article III and statutory standing to maintain the instant suit. Plaintiff filed a Response to Defendants' Motion to Dismiss. (Doc. No. 12), and Defendant filed a Reply, (Doc. No. 13). All three pleadings attach affidavits and other evidence to support their arguments. Plaintiff moves to strike the affidavit attached to Defendants' Reply Brief as procedurally improper.

## II. STANDARD OF REVIEW

The parties dispute the appropriate standard to review Defendants' Motion to Dismiss. Defendants rely on Rule 12(b)(1) for the entire motion, while Plaintiff contends Rule 12(b)(6) governs Defendants' statutory standing argument. (Doc. Nos. 12, p. 7; 9-1, p. 3). Because Rule 12(b)(1) permits the Court to consider matters outside the pleadings, whereas Rule 12(b)(6) looks only to the sufficiency of the Complaint, the Court must determine the applicable standard for review of the instant motion.

### A. Article III Standing & Rule 12(b)(1)

Article III standing requires analysis using a Rule 12(b)(1) analysis. A motion to dismiss for lack of Article III standing is governed by Fed. R. Civ. P. 12(b)(1) because it is premised on the court lacking subject matter jurisdiction to hear the case. See Beyond Sys., Inc. v. Kraft Foods, Inc., 777 F.3d 712, 715–16 (4th Cir. 2015). Unless and until a court is convinced it has jurisdiction, it may not rule on a case's merits. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue[] and may consider evidence outside the pleadings

2

Case 3:23-cv-00498-FDW-SCR   Document 19   Filed 12/12/23   Page 2 of 8

without converting the proceeding into one for summary judgment." Richmond, Frederisksburg, & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

### B. Statutory Standing & Rule 12(b)(6)

Notwithstanding the application of Rule 12(b)(1) to the Article III standing arguments, Defendants' argument regarding Plaintiff's lack of *statutory* standing requires analysis using a Rule 12(b)(6) analysis. The issue of statutory standing "is a separate inquiry from Article III standing," and presents a challenge to the sufficiency of the pleadings. U.S. v. Chandler, No. 118-CR-79, 2019 WL 1427556, at *2 (W.D.N.C. Mar. 29, 2019). In this respect, a motion to dismiss that challenges a party's statutory standing "is 'effectively the same as a dismissal for failure to state a claim'" under Rule 12(b)(6). U.S. v. Oregon, 671 F.3d 484, 490 n.6 (4th Cir. 2012) (quoting CGM, LLC v. BellSouth Telecomm., Inc., 664 F.3d 46, 52 (4th Cir. 2011)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must contain more than mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The claim is facially plausible when the factual content of the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." Iqbal, 556 U.S. at 678.

Furthermore, when considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor. Hall v. DIRECTV, LLC, 846 F.3d 757, 765 (4th Cir.

3

2017). However, a court need not accept as true any legal conclusions stated by the plaintiff. Iqbal, 556 U.S. at 678.

Bearing these standards in mind, the Court turns to the parties' arguments.

### III. DISCUSSION

#### A. Motion to Strike

Resolution of the Motion to Dismiss requires this Court to consider what materials may be appropriately considered. In its discretion and after reviewing the parties' pleadings and cited authorities, the Court **DENIES** Plaintiff's Motion to Strike the Second Declaration of Chris Bauer, (Doc. No. 14). In analyzing Defendants' arguments regarding Plaintiff's Article III standing, the Court has considered the Second Declaration of Chris Bauer.

#### B. Article III Standing

Prior to resolving the statutory standing issue, a plaintiff "must have Article III standing" "for each claim that they press." TransUnion LLC v. Ramirez, 594 U.S. __, __, 141 S. Ct. 2190, 2208 (2021). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." Id. at __, 114 S. Ct. at 2203 (cleaned up).

An injury in fact is concrete when it is 'de facto,' "meaning that 'it must actually exist' and is 'real, and not abstract.'" Dreher v. Experian Info. Sols., Inc., 856 F.3d 337, 344 (4th Cir. 2017) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016)). "[M]onetary harms readily qualify as concrete injuries under Article III," and thus "[i]f a defendant has caused . . . monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." TransUnion, 141 S. Ct. at 2197, 2204. However, "a bare procedural violation, divorced from any concrete harm,

4

[cannot] satisfy the injury-in-fact requirement." Spokeo, 578 U.S. at 341. For an injury in fact to be "particularized," it "must affect the plaintiff in a personal and individual way." Id. at 339.

In this case and under the current record, Plaintiff alleges a concrete and particularized injury in fact likely caused by Defendants that is redressable by the court. Plaintiff primarily alleges monetary losses arising from Defendants' alleged wrongdoing, asserting that had Defendant not committed the alleged cause of action, Plaintiff alleges he "would have been paid for a period of sixty (60) calendar days after the date of the members' terminations" "unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits" to Plaintiff. (Doc. No. 1, pp. 9-10). Plaintiff also contends that after Defendant allegedly committed the violation, Defendants failed to pay the Plaintiff his "respective wages, salary, commissions, bonuses, accrued holiday pay [, and] accrued vacation pay;" "failed to make the pension and 401(k) contributions[;] provide other employee benefits under ERISA[;] and pay [his] medical expenses for 60 calendar days from and after the dates of [his] respective terminations." (Doc. No. 1, p. 9). Hence, Plaintiff seeks "to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid," after the date of his termination. (Doc. No. 1, p. 2).

Defendants argue Plaintiff could not have suffered the alleged concrete and particularized injury in fact because Plaintiff never suffered an "employment loss" under the WARN Act. Defendants argue no employment loss occurred because BM Trucking hired Plaintiff into a new position after his layoff from BM Transport. Defendants' argument, however, conflates the merits of Plaintiff's claims—or potential lack thereof—with the existence of standing to sue. "It is important to avoid 'confus[ing] weakness on the merits with absence of Article III standing.'" PEM Entities LLC v. Cnty. of Franklin, 57 F.4th 178, 182 (4th Cir. 2023) (quoting Davis v. United States, 564 U.S. 229, 249 n.10 (2011)). Moreover, Plaintiff's affidavit testimony indicates he was

5

not transferred but instead directed to apply for a new position with a different company, which he contends sufficiently demonstrates an "employment loss" that is redressable by judicial relief. (Doc. No. 12-1). Resolution of this issue is not necessary at this stage of the proceedings, as the undisputed evidence under this limited record is sufficient to demonstrate a concrete injury caused by Plaintiff's separation of employment and "layoff" from BM Transport. (Doc. No. 9-2, p. 5); see 29 U.S.C. § 2101(a)(6) ("[T]he term 'employment loss' means (A) an employment termination, other than a discharge for cause, voluntary departure, or retirement, (B) a layoff exceeding 6 months, or (C) a reduction in hours of work of more than 50 percent during each month of any 6-month period . . . ."). While the record before the Court is sufficient to confer standing, the parties' dispute over whether the evidence supports Plaintiff's allegations can instead be resolved at summary judgment and/or trial. See, e.g., Long v. Dunlop Sports Group Americas, Inc., 506 F.3d 299 (4th Cir. 2007).

Here, Plaintiff has presented sufficient allegations and evidence to confer Article III standing. This conclusion should not be construed as a ruling on the merits of Plaintiff's claim.

### C. Statutory Standing under the WARN Act

Defendants also seek dismissal for lack of statutory standing and—reasserting their same arguments above—contend Plaintiff does not have standing to sue under the WARN Act because he did not suffer an "employment loss" under the statute. Statutory standing "applies only to legislatively-created causes of action" and concerns "whether a statute creating a private right of action authorizes a particular plaintiff to avail herself of that right of action." CGM, LLC v. BellSouth Telecommunications, Inc., 664 F.3d 46, 53 (4th Cir. 2011) (quoting Radha A. Pathak, Statutory Standing and the Tyranny of Labels, 62 Okla. L. Rev. 89, 91 (2009)). The Fourth Circuit has framed the statutory standing inquiry as whether the plaintiff "is a member of the class given

authority by a statute to bring suit . . . ." In re Mut. Funds Inv. Litig., 529 F.3d 207, 216 (4th Cir. 2008).

In determining whether Congress intended to confer standing to a litigant under a statute, the Court's "task is essentially one of statutory construction." Washington-Dulles Transp., Ltd. v. Metro. Washington Airports Auth., 263 F.3d 371, 377 (4th Cir. 2001). "Normally, where the statutory language provides a clear answer, our analysis begins and ends with that language." Wilmington Shipping Co. v. New Eng. Life Ins. Co., 496 F.3d 326, 339 (4th Cir. 2007). The Court looks to legislative intent when there is ambiguity. Id.

The WARN Act permits "each aggrieved employee who suffers an *employment loss*" a private right of action against an employer "who orders a plant closing or mass layoff in violation of section 2102 of [the WARN Act]," which is a provision requiring employers to give notice before a mass layoff. 29 U.S.C. § 2104(a)(1) (emphasis added); id. § 2102. Under the WARN Act, "the term 'employment loss' means (A) an employment termination, other than a discharge for cause, voluntary departure, or retirement, (B) a layoff exceeding 6 months, or (C) a reduction in hours of work of more than 50 percent during each month of any 6-month period." Id. § 2101(a)(6).

Importantly, for purposes of the statutory standing analysis under Fed. R. Civ. P. 12(b)(6), the Court looks only to the sufficiency of the complaint, which means the affidavits provided by the parties are disregarded on this issue. Plaintiff's Complaint alleges sufficient facts to demonstrate statutory standing under the WARN Act. Foremost, Plaintiff alleges "Defendants ordered a Mass Layoff or Mass Layoffs and/or a Plant Closing of the Facility" on or about December 30, 2022. (Doc. No. 1, p. 3). Next, Plaintiff alleges Defendants violated section 2102 of the WARN Act when Defendants "fail[ed] to give the Plaintiff and the Other Similarly Situated

7

Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act." (Doc. No. 1, p. 2). Finally, Plaintiff alleges he suffered an "employment loss" through subsection (A) when he was "[laid off] without cause" and "terminat[ed] without cause" on or about December 30, 2022. (Doc. No. 1, p. 3). Hence, Plaintiff has standing to bring suit under section 2104(a) of the WARN Act. Because this ruling is constrained to the sufficiency of the Complaint, it is without prejudice to the parties' ability to reassert any applicable legal arguments at summary judgment as appropriate.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 9), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (Doc. No. 14), is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 12, 2023

Frank D. Whitney
United States District Judge